NOT DESIGNATED FOR PUBLICATION

No. 125,642

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NATHAN G. GIBSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Submitted without oral argument. Opinion filed July 5, 2024. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, P.J., ATCHESON and BRUNS, JJ.

PER CURIAM: Defendant Nathan G. Gibson appeals the Sedgwick County District Court's order revoking his probation and requiring him to serve a 132-month prison sentence. On appeal, Gibson contends the decision was so far afield no other district court would have come to the same conclusion, so we should reverse the order as an abuse of discretion. The result, though stern and arguably harsh, came within the broad range of decision-making afforded district courts. We, therefore, affirm.

1

Gibson pleaded guilty in January 2022 to two counts of possession of methamphetamine and two counts of unlawful possession of a weapon spread across three cases the district court heard together. Consistent with a plea agreement, the district court imposed a combination of concurrent and consecutive sentences yielding the controlling 132-month term and placed Gibson on probation for 36 months in late March. Gibson had a substantial criminal history including both adult convictions and juvenile adjudications for felony offenses. Probation entailed a downward dispositional departure from the presumptive guidelines punishment of incarceration.

About two months later, the State alleged eight technical probation violations against Gibson, including his repeated failure to report as required to his probation officer. The State added a violation alleging Gibson had stolen a motor vehicle. At the probation hearing in August, Gibson admitted the technical violations but disputed the theft allegation. The State presented evidence on that violation, and the district court found it had been proved. The district court revoked Gibson's probation and denied his request to reduce the prison term. So Gibson is now serving the 132-month sentence. He has appealed.

On appeal, Gibson does not dispute the probation violations. But he contends the district court abused its discretion in declining to continue him on probation or to impose a shorter period of incarceration.

The district court's decision to place Gibson on probation entailed an act of judicial leniency afforded him as a privilege rather than a right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). A district court's decision to revoke probation involves two steps: (1) a factual determination, established by a preponderance of the evidence, that the probationer has violated a condition of probation; and (2) a discretionary determination as to the appropriate disposition in light of any proved violation. *State v. Skolaut*, 286 Kan. 219, Syl. ¶ 4, 182 P.3d 1231 (2008) (components of probation

2

revocation); *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006) (preponderance standard governs proof of probation violation). On appeal, Gibson concedes the first and challenges the second.

The decision to reinstate probation or to revoke and incarcerate the probationer rests within the district court's sound discretion subject to some statutory limitations. See K.S.A. 22-3716(c)(1), (7). Judicial discretion has been abused if a decision is arbitrary, fanciful, or unreasonable or if it rests on a substantive error of law or a material mistake of fact. *State v. Meeks*, 307 Kan. 813, 816, 415 P.3d 400 (2018). Gibson carries the burden of showing that the district court abused its discretion. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021). Here, the district court had the authority to revoke Gibson's probation and order him to prison without imposing a lesser jail sanction and continuing the probation both because he had been granted a dispositional departure and because he had committed a new crime. See K.S.A. 22-3716(c)(7)(B), (C).

On appeal, Gibson does not contend the district court misunderstood the relevant fact or misapplied the governing law. Rather, he submits that given his ongoing substance abuse issues, any reasonable district court would not have sent him to prison for more than a decade under these circumstances. At 31 years old, Gibson had a criminal history that included three juvenile adjudications for felony crimes, including murder; two adult felonies; and five adult misdemeanors. All of those were in addition to the motor vehicle theft at issue in the revocation proceedings. Given that history and his continuing criminal conduct, we cannot say the district court acted outside of its judicial discretion. Perhaps some district courts would have continued Gibson's probation, and some might have reduced his prison sentence. But we readily conclude other district courts would have required Gibson to serve his original sentence.

Affirmed.